IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

GREGARY A. TURNER SR.

VS.

THE STATE OF TEXAS

BRIEF NO: 02-13-00487-CR

TRIAL CASE NO: 1343101-R

APPELLANTS PRO-SE MOTION FOR REHEARING FOR COURT APPOINTED COUNSEL FOR INDIGENT APPELLANT IN FILING PETITION FOR DISCRETIONARY REVIEW

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 19 2015
Abel Acosta, Clerk

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW RESPECTFULLY GREGARY R. TURNER SR. PETITIONER PRO-SE IN THE ABOVE STYLED AND NUMBERED CAUSE WHOM PROCEEDING IN PRO-SE REFILES AND RE SUBMITS THIS MOTION FOR COURT APPOINTED COUNSEL IN FILING PETITION FOR DISCRETIONARY REVIEW AND IN SUPPORT THE PETITIONER WILL SHOW:

FILED IN
COURT OF CRIMINAL APPEALS
OCT 20 2015
Abel Acosta, Clerk

I

THAT THE APPELLANT IS INDIGENT AND LACKS THE LEGAL SKILLS AND SOPHISTICATION NEEDED TO UNDUE THE INCOMPETENT REPRESENTATION RENDERED TO THE DEFENDANT/APPELLANT IN BOTH DISTRICT COURT CAUSE AND APPEALS CAUSE BY COURT APPOINTED COUNSEL (PLEASE SEE STAFFORD V. STATE 758 S.W. 2d 663: 1988 TEX. APP. LEXIS 2225)

II

TEX. CODE CRIM. PROC. ANN. ART 44.45 PROVIDES THAT A "BONA FIDE" NON-DEATH PENALTY APPEAL FOR PURPOSES OF ART. 26.05 IS ONE IN WHICH THE TEX. COURT OF CRIMINAL APPEALS HAS EXERCISED ITS DISCRETION AND GRANTED REVIEW WHETHER ON THE COURT'S OWN MOTION OR THAT OF THE STATE OR THE APPELLANTS ITS RULES RECOGNIZE THAT THE ISSUE IS THEN CONTESTED AND THE PARTIES ARE JOINED THUS (TEX. CR. APP. R. 306) REQUIRES THAT BOTH PARTIES FILE BRIEFS AFTER THE GRANTING OF REVIEW. AN ORGANIZED, MEANINGFUL BRIEF IS ESSENTIAL UNQUESTIONABLY AN ATTORNEY WOULD BE IN A MUCH BETTER POSITION TO PROVIDE THE KIND OF DELIBERATE, STUDIOUS ATTENTION THAT SUCH A BRIEF REQUIRES

THAN WOULD AN INDIGENT INCARCERATED INMATE (ART. 26.05) IS THE LEGISLATURE'S RESPONSE TO THAT NEED.

## III

BEFORE 1981 WHEN TEXAS ADOPTED A TWO-TIERED CRIMINAL APPELLATE SYSTEM, ART. 26.05, SEC. I (E) DID NOT OF COURSE, MENTION "BONA FIDE APPEAL TO A COURT OF APPEALS. WHEN IN COORDINATION WITH THE INTRODUCTION OF THE NEW APPELLATE SYSTEM, THE 67TH LEGISLATURE AMENDED ART. 26.05, SEC. I (E) BY ACTS 1981, 67TH LEG. P. 803, CH. 291, SEC. 106, EFF SEPT. 1 1981 THE LEGISLATURE CONTINUED TO PROVIDE COMPENSATION FOR APPOINTED ATTORNEYS IN PROSECUTING BONA FIDE NON-DEATH PENALTY APPEALS TO A FINAL CONCLUSION IN THE COURT OF CRIMINAL APPEALS. IF THE LEGISLATURE HAD INTENDED THAT APPOINTED ATTORNEYS WERE NOT TO REPRESENT DEFENDANT BEFORE THIS COURT EXCEPT IN DEATH PENALTY APPEALS, THEN IT WOULD NOT HAVE BEEN NECESSARY FOR SEC. I (E) TO BE THIN THE LANGUAGE AUTHORIZING THE PAYMENT OF APPOINTED ATTORNEYS BEFORE THE COURT OF CRIMINAL APPEALS. IT COULD BE ARGUED THAT THE LANGUAGE "OR THE COURT OF CRIMINAL APPEALS" WAS SUPERFLOUS. SOUND PRINCIPLES OF STATUTORY INTERPRETATION, HOWEVER, REQUIRE THAT A REVIEWING COURT PRESUME THAT EVERY WORD OF THE STATUTE IS USED FOR A PURPOSE (SEE EX PARTE SANTELLANA, 606 S.W. 2d 331 (TEX. CR. APP. 1980) IT IS ALSO PRESUMED THAT LANGUAGE IN THE STATUTE IS USED WITH A MEANING AND PURPOSE (SEE ALEXANDER V. STATE 84 TEX. CR. R. 75, 204 S.W. 644 (1918). IN AYALA V. STATE 633 S.W. 2d 526 (TEX. CR. APP. 1982) THE COURT ADOPTED THE HOLDING IN ROSS V. MOFFIT 417 U.S. 600 94 S. CT. 2437 41 L. Ed. 2d 341 (1974) THAT AS A MATTER OF FEDERAL CONSTITUTIONAL LAW AN INDIGENT DEFENDANT IS NOT ENTITLED TO THE APPOINTMENT OF COUNSEL TO ASSIST IN FILING A PETITION FOR DISCRETIONARY REVIEW SEE (417 U.S. AT 618) FIND THAT THE TEX. LEGISLATURE AS A MATTER OF LEGISLATIVE CHOICE HAS MADE LEGAL COUNSEL AVAILABLE TO CONVICTED DEFENDANTS AT ALL STAGES OF THE JUDICAL REVIEW. THE TEXAS LEGISLATURE AS A MATTER OF LEGISLATIVE CHOICE HAS PROVIDED FOR THE APPOINTMENT OF COUNSEL ONCE A PETITION FOR DISCRETIONARY REVIEW HAS BEEN GRANTED

## III

BY THE COURT. LEGISLATIVE CHANGES SEEM TO HAVE GONE UNNOTICED BY THE BENCH CONCENTRATION FOCED ON DOUGLAS V. CALIFORNIA AND ITS PROGENY SEE (E.G. EX PARTE ENGLE 418 S.W. 2d 671, 675-676 (TEX. CR. APP 1967) AND EX PARTE BREEN, 420 S.W. 2d 932 (TEX. CR APP 1967) BY 1968 THE LESSON OF DOUGLAS HAD BEEN LEARNED WELL AND THE COURT ROUTINELY ABATED AN APPEAL IN WHICH BRIEFS HAD NOT BEEN FILED SO THAT INDIGENT APPELLANTS NOT BE DEPRIVED OF AID OF LEGAL COUNSEL ON APPEAL AN ADEQUATE APPELLATE REVIEW (SEE GARZA V. STATE 433 S.W. 2d 428 (TEX. CR. APP 1968) MARTIN V. STATE 441 S.W. 2d 535 (TEX. CR. APP 1969) JACKSON V. STATE 447 S.W. 2d 922 (TEX. CR. APP 1969) AND MANY OTHER THEREAFTER SO LONG AS THE COURT HAD JURISDICTION OF DIRECT APPEAL IN ALL FELONY CASES. ONE MAY ATTRIBUTE TO THE LEGISLATURE A FULL AWARENESS OF THE SETTLED CONSTITUTIONAL PROPOSITION THAT APPOINTMENT OF COUNSEL FOR A UNSKILLED UNKNOWLEDGEABLE INDIGENT INMATE IS REQUIRED AT EVERY STAGE OF A CRIMINAL PROCEEDING WHERE SUBSTANTIAL RIGHTS OF A CRIMINAL ACCUSED MAY BE AFFECTED PLEASE SEE (MEMPA V. RHAY 389 U.S. 128, 134, 88 S. CT. 254, 257, 19 L. ED. 2d 336 1967)

WHEREFORE PETITIONER PRAYS THAT THIS HONORABLE COURT WILL RECONSIDER PETITIONER RESPECTFUL REQUEST FOR COURT APPOINTED COUNSEL ON PETITION FOR DISCRETIONARY REVIEW AND APPOINT NEW COUNSEL

ON THIS THE 14TH DAY OF OCT. 2015

*Gregory a. Turner*
RESPECTFULLY SUBMITTED

## ORDER

CAME ON THIS THE ____ DAY OF ____ 2015 PETITIONER MOTION FOR RECONSIDERATION FOR NEW COURT APPOINT COUNSEL ON PETITION FOR DISCRETIONARY REVIEW. HAVING CONSIDERING SAME THE COURT HEARBY GRANTS/DENIED AND ORDER AS FOLLOWS:

HONORABLE JUDGE PRESIDING